**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Dorian Milla Leiva,<br><br>Petitioner<br>v.<br><br>John Mattos, et al.,<br><br>Respondents | Case No.: 2:26-cv-00867-JAD-NJK<br><br>**Order Granting Habeas Relief**<br><br>[ECF No. 9] |

Petitioner Dorian Milla Leiva is a Honduran citizen who was taken into custody by Immigration and Customs Enforcement (ICE) officials on November 17, 2025. He has been in ICE detention at the Nevada Southern Detention Center in Pahrump, Nevada since his arrest. Milla Leiva seeks a writ of habeas corpus, alleging that he did not receive a constitutionally adequate bond hearing in violation of his due-process rights. The government responds that Milla Leiva hasn't exhausted his administrative remedies because his appeal is still pending with the Board of Immigration Appeals (BIA). Milla Leiva clarifies that he only appealed the immigration judge's removal order and that there is no pending appeal on bond denial.

Because Milla Leiva raises serious constitutional concerns about the accuracy of his bond hearing and awaiting an appeal would cause irreparable harm, I waive the exhaustion requirement. The government did not brief the actual merits of Milla Leiva's claim, thus the unopposed allegations in the habeas petition are taken as true. I find that the government provided a constitutionally inadequate bond hearing and deprived Milla Leiva of his due-process rights. So I grant his petition and order the government to schedule a constitutionally adequate bond hearing before an immigration judge.

## Discussion

### A. This court has jurisdiction over Milla Leiva's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[1] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[2]

### B. Milla Leiva's need to exhaust administrative remedies is waived.

On February 25, 2026, Milla Leiva sought a custody redetermination from an immigration judge (IJ) over whether he should be released from detention while his removal proceedings were ongoing.[3] The immigration judge denied the motion, finding that Milla Leiva was a danger based primarily on an apparent in absentia removal order and two traffic convictions.[4]

The government argues that Milla Leiva failed to exhaust his administrative remedies.[5] It cites to the Ninth Circuit's opinion in *Laing v. Ashcroft*[6] to contend that a petitioner must await the results of a bond determination appeal prior to filing a habeas petition.[7] Milla Leiva responds that waiting for the results of an administrative appeal would cause irreparable harm

---

[1] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[2] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[3] ECF No. 9 at 5.

[4] *Id.*

[5] ECF No. 12 at 2.

[6] *Laing v. Ashcroft*, 370 F.3d 994 (9th Cir. 2004).

[7] ECF No. 12 at 2–3.

because he has been detained for now over six months as a result of an unconstitutional custody redetermination hearing.[8] He also argues that exhaustion should be waived because he would suffer irreparable injury during prolonged detention if required to wait for the BIA's ruling with no indication of when BIA will decide his case.[9]

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[10] "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[11]

I find that requiring Milla Leiva to exhaust administrative remedies would cause irreparable injury. As discussed *infra*, he put forth undisputed arguments that the immigration judge failed to conduct a constitutionally adequate bond hearing by relying on insufficient evidence.[12] Detention without a constitutionally adequate bond hearing is irreparable injury.[13] Under these circumstances, I find it appropriate to waive the prudential exhaustion requirement because further irreparable injury would result from Milla Leiva's continued detention. I thus move on to the merits of Milla Leiva's petition, to which the government did not respond.

---

[8] ECF No. 14 at 2–3.

[9] *Id.* at 3.

[10] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[11] *Id.* (quoting *Laing*, 370 F.3d at 1000).

[12] ECF No. 8 at 10–13.

[13] *Hernandez*, 872 F.3d at 994–95 ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." (cleaned up) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Castillo v. Blanche et al.*, 2026 WL 2071063, at *3 (D. Nev. July 17, 2026).

**C. The government did not provide Milla Leiva with a constitutionally adequate bond hearing.**

Milla Leiva claims that his bond hearing was inadequate because the IJ's decision that he has an in absentia removal order is legally erroneous and unsupported by evidence.[14] District courts review an IJ's custody determination for abuse of discretion.[15] Under this standard, the court cannot weigh evidence but can determine whether the immigration judge's decision reflects clear legal error or is unsupported by sufficient evidence.[16]

In *Matter of Guerra*, the BIA identified nine factors that an IJ may weigh when considering a custody determination.[17] These factors include whether the petitioner has a fixed address, the length of his residence in the United States, his family ties, employment history, record of court appearance, criminal record and seriousness of offenses, history of immigration violations, attempts to flee authorities, and manner of entry to the United States.[18] An IJ has broad discretion in weighing these factors, but if the decisionmaker misstates the record or fails to mention highly probative or dispositive evidence, the IJ's decision may reflect an abuse of discretion.[19]

Milla Leiva argues that in denying bond, the IJ relied upon an incorrect representation that Milla Leiva failed to attend his removal hearing.[20] At the bond-redetermination hearing, at

---

[14] ECF No. 9 at 7–8.

[15] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[16] *Id.* at 785; *Restrepo v. Noem*, 2026 WL 1047688, at *5 (C.D. Cal. Mar. 23, 2026).

[17] *Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

[18] *Id.*

[19] *Id.*

[20] ECF No. 9 at 7–8.

which Milla Leiva appeared without counsel, the IJ asked him through a translator whether he received an in absentia removal order.[21] Milla Leiva responded affirmatively.[22] The government then represented that the IJ reopened the absentia proceeding, held a hearing on the merits, and ordered Milla Leiva removed, after which Milla Leiva filed a timely appeal.[23]

With his habeas petition, Milla Leiva submitted evidence that the IJ relied on inaccurate information to deny bond. His evidence includes his initial notice to appear,[24] the asylum application he submitted in response,[25] his notice to appear in removal proceedings,[26] and the removal-proceeding order.[27] He also provided recordings from both days of the removal proceedings, April 29 and May 3, 2024, to demonstrate that he was present with counsel at the hearings.[28] The government provides no response to whether the removal proceeding occurred in absentia. Based on the evidence presented by Milla Leiva, I conclude that his due-process rights were violated when the IJ relied on inaccurate representations to deny bond.

Milla Leiva also argues that in addition to the misrepresentations regarding an in absentia removal order, the IJ's bond denial relies only on his limited criminal history.[29] He asserts that two misdemeanor traffic convictions do not support a danger finding.[30] He further argues that

---

[21] ECF No. 10 at 05:37–05:45.

[22] *Id.* at 05:45–05:52.

[23] *Id.* at 06:16–06:41.

[24] ECF No. 9-2.

[25] ECF No. 9-3.

[26] ECF No. 9-4.

[27] ECF No. 9-5 (indicating a full merits decision including respondent reserving appeal).

[28] ECF No. 15 at 01:06–02:13 (Exhibit 1) (designating Milla Levia to speak on behalf of his family); *id.* at 01:08–01:30 (Exhibit 2) (confirming Milla Levia was present with counsel).

[29] ECF No. 9 at 8.

[30] ECF No. 14 at 4.

the IJ abused his discretion by considering only one of the relevant *Guerra* factors.[31] Milla Leiva contends that the IJ should have considered that he is a productive member of the community he has lived in for five years, has extended family in his community, lives with his wife and children, has a credible fear of returning to Honduras, and has effectively abided by all immigration orders.[32] The government does not dispute Milla Leiva's assertions or otherwise defend the IJ's decision because it did not respond to Milla Leiva's argument on this issue. The government therefore tacitly consents to relief on this ground.[33] Milla Leiva requests that I release him, but his claims are remedied if he is provided with a proper bond hearing, so justice does not require his release.[34] I thus order the government to provide a constitutionally adequate bond hearing in which the IJ considers all relevant *Guerra* factors raised by Milla Leiva at the renewed hearing.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Dorian Milla Leiva's amended petition for a writ of habeas corpus **[ECF No. 9] is GRANTED**. Respondents must schedule a bond hearing for Milla Leiva before an immigration judge within the next 21 days at which the immigration judge must consider all relevant factors in determining whether he is a danger to the community or a flight risk. That hearing must be held in accordance with 8 U.S.C. § 1226(a), 8 C.F.R. § 236.1(d)(1), and any applicable BIA decisions and guidance.

---

[31] *Id.*

[32] *Id.* at 8–9.

[33] *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (holding that unraised arguments are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed habeas allegations "must be taken as true").

[34] *Brown v. Davenport*, 596 U.S. 118, 134 (2022) (explaining that district courts have equitable discretion in granting habeas relief).

IT IS FURTHER ORDERED that if the respondents do not provide a bond hearing within 21 days, they must release Dorian Milla Leiva from detention by 5:00 p.m. PDT on the 22nd day following entry of this order.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

U.S. District Judge Jennifer A. Dorsey
August 21, 2026